**GULF OIL CORPORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**CROW DRILLING COMPANY, Inc., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

Nos. 16716, 16721.

United States Court of Appeals
Fifth Circuit.

April 23, 1958.

Jessee P. Luton, Jr., Houston, Tex. (Merle E. Minks, Houston, Tex., on the brief), for Gulf Oil Corp.

Bennett Boskey, Washington, D. C., James D. Heldt, Dallas, Tex., for Nebo Oil Co., amicus curiae.

John M. Shuey, Shreveport, La., for Crow Drilling Company, Inc.

Willard W. Gatchell, Gen. Counsel, Howard E. Wahrenbrock, Solicitor, W. Russell Gorman, Asst. Gen. Counsel, William W. Ross, Atty., Washington, D. C., for Federal Power Commission.

Before TUTTLE, JONES and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

These cases are not essentially different from the remainder of the series of cases decided by us today beginning with Bel Oil Corporation, 255 F.2d 548, 555, 557, in which natural gas companies seek to put into effect higher prices for the sale of their gas to pipe line companies and whose efforts have thus far been nullified by a dismissal of their scheduled increases by the Federal Power Commission.

Petitioners make a strong showing that their negotiations clearly demonstrate that the 15 cent price was temporary and that the 20 cent price which they now seek is the true contract price. This cannot be so any more than each step-up in price provided for in the contracts before us in the previous cases.

As to the contention here stressed by Crow that it is practically impossible to apply a cost of service test or other rate base method of arriving at a reasonable rate, we say only what has already been said in the earlier decisions. There is much latitude allowed the Commission in its selection of criteria.[1] We have held that the evidence so far adduced was not sufficient. In Pan American Petroleum Corporation, et al., Opinion No. 310, the Commission has indicated that it does not need cost of service evidence in all circumstances. What other factors the Commission should take with consideration, such, for instance, as the fact that different producers from the same field and even from the same well, may, under traditional cost of service rate making standards, be entitled to different prices as reasonable, is for the Commission to decide in the first instance. The standard of what is just and reasonable must be arrived at with attention to the three-way protection required by the statute— to the producer, to the purchaser and to the consuming public. This is concededly a difficult standard to specify especially in light of the fact that producers are in reality selling gas which they own and are not, in the traditional sense, primarily furnishing a service to the public.

As in the other cases, we think justice requires that the matter be referred back to the Commission for the taking of additional testimony, especially in light of the Pan American opinion.

The petition is granted to the extent that the Commission is directed to reopen these proceedings to afford petitioners reasonable opportunity to adduce such evidence as they may be advised is relevant to the inquiry whether the proposed rate of 20 cents per Mcf is just and reasonable. In all other respects the petition is

Denied.

---

1. Federal Power Commission v. Natural Gas Pipe Line Co., 315 U.S. 575, 586, 62 S.Ct. 736, 86 L.Ed. 1037.