**FOREST OIL CORPORATION et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 16844.**

United States Court of Appeals Fifth Circuit.

Feb. 20, 1959.

---

1. 50 F.T.C. 242 (1953).

Gene M. Woodfin, J. Evans Attwell, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for petitioners.

W. Russell Gorman, Atty., Howard E. Wahrenbrock, Sol., Willard W. Gatchell, Gen. Counsel, Louis L. Da Pra, Atty., F.P.C., Washington, D. C., for Federal Power Commission.

Robert B. Lisle, Edwin F. Russell, Cullen & Dykman, Brooklyn, N. Y., for Brooklyn Union Gas Co.

David K. Kadane, Edward M. Barrett, Bertram D. Moll, Mineola, N. Y., for Long Island Lighting Co.

Kent H. Brown, George H. Kenny, Albany, N. Y., for Public Service Commission of New York.

William R. Duff, Washington, D. C., J. Harry Mulhern, Edward S. Kirby, Newark, N. J., for Public Service Electric & Gas Co.

Vincent P. McDevitt, Samuel G. Miller, Eugene J. Bradley, Philadelphia, Pa., LeDoux R. Provosty, Alexandria, La., for Philadelphia Electric Co.

Craigh Leonard, James O'Malley, Jr., LeBoeuf, Lamb & Leiby, New York City, for Consolidated Edison Co. of New York.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This petition presents the same questions for review that were dealt with by this Court in Bel Oil Corporation v. Federal Power Commission and related cases covered by the same opinion, 5 Cir., 255 F.2d 548.

We find the Court in the situation of having before it for its consideration no brief or motion prepared or filed subsequent to the decision by the Court of this similar case appealing from almost identical orders of the Federal Power Commission, but with a strong request during oral argument for us in some way to give different guidance to the Commission than is to be drawn from our earlier opinion. But for the request made on oral argument we would be content to affirm the decision of the Commission on the substantive matters by a per curiam order making the same provision for further hearings as was allowed in the Bel Oil series of cases.

This company, which in light of the land-mark decision, Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, is an independent natural gas company whose sales are subject to regulation by the Commission, sought to put into effect a change in the contract price of its gas after filing its initial price of 9.79715 cents per Mcf. The new price is 17 cents per Mcf. It is not here contended, as it could not be in light of Bel Oil, supra, that this change in rates is not suspendible under Section 4(e) of the Natural Gas Act, 15 U.S.C.A. § 717c(e). The burden thus rests upon the company to prove the proposed rate to be "just and reasonable."

The principal question originally presented to the Commission and thereafter to this Court on appeal, related to the kind of proof that would make a prima facie case that the rate was just and reasonable. As we held in Bel Oil, so we hold here, proof that the proposed rate was not higher than the going field price of gas from the same or adjacent areas, even when coupled with factually unsupported conclusionary testimony that this particular price was required to provide the incentive needed to encourage exploration and development, was not enough to constitute prima facie proof of justness and reasonableness of the price. We therefore affirm the Commission's finding to that effect.

The principal source of difficulty remaining in this and in the earlier cases is the problem which the Commission has in determining how much and what kind of additional evidence is necessary

for the producers to carry their burden. As we pointed out in our earlier opinion:

"The regulation of the prices at which thousands of 'natural gas companies' may sell to the pipe line companies is a difficult one at best. It is a field which in many respects requires new formulas to test what is just and reasonable." Bel Oil Corporation v. Federal Power Commission, 5 Cir., 255 F.2d 548, 553.

We there pointed out that the Commission had, subsequent to the Bel Oil orders there under appeal, withdrawn from a hard and fast position that a cost of service or rate-base method of determining reasonable rates must be used in all cases. We referred to the Commission's Opinion 310, Pan American Petroleum Corp., et al., in which the Commission found adequate proof of justness and reasonableness without use of the rate base formula. Nevertheless, in the briefs filed in this case and the companion case, Sears and Herrmann v. F. P. C., 263 F.2d 626, the Commission does not deviate from its position taken before our Bel Oil opinion, in which we stated that we did not decide "that the rate-base method is essential in every rate case," and that "we think it quite clear that in light of that (Pan American) order the Commission might adopt some pragmatic standard to apply."

■ The briefs still speak of cost of service or rate-base proof. Nothing filed in these two cases indicates, however, that the Commission really insists on more by way of proof than some financial evidence from which the Commission can determine whether the petitioner will receive an amount which is just and reasonable to the consuming public and which will yield at least enough to provide a fair return on petitioner's investment and allow sufficient to encourage further exploration and development.

In using the term "fair return on the investment" we do not, of course, mean to modify the language of the statute which expresses it as "a just and reasonable" rate. We use it because this concept has become familiar in rate-making as the minimum which a utility can be compelled to live with because of the constitutional prohibitions against deprivation of property without due process and the taking for public use without just compensation.

■ Thus, traditionally, rate-making has started with the ascertainment of what is a fair return on the investment. This must include an amount necessary to amortize the cost of the plant over its useful life and an amount representing interest or earnings on this cost. To this there must be added some amount to attract capital to the particular venture.

In the field of production of natural gas these increments are: The cost to the producer of his interest in the gas in place, plus the cost of facilities necessary to bring the stream of gas into production, plus a fair return on these items of cost, and in addition an increment known in the oil and gas business as the cost of exploration and development. In effect, this item represents the cost of finding potential fields as well as the drilling of the dry wells that seems to be a necessary part of any continuing oil or gas business.

Speaking of the power of the Commission to deal with this problem once it had before it sufficient evidence on which to act, we said in Gulf Oil Corporation v. Federal Power Commission, 5 Cir., 255 F.2d 556, 557:

"What other factors the Commission should take with consideration, (beyond the financial data above referred to) such, for instance, as the fact that different producers from the same field and even from the same well, may, under traditional cost of service rate making standards, be entitled to different prices as reasonable, is for the Commission to decide in the first instance."

■ What we intended there to make clear, and what we now say, is: If the Commission finds that a rate is reasonable to the consuming public it need not reject such rate as not being just and

reasonable merely because it will yield to a particular producer more than the very minimum required by constitutional standards or more by way of net yield than is returned to another producer in the same well or field, especially if such result follows from a considered decision by the Commission that a uniform price for all the producers of a single well or a single field is not only reasonable but is also highly desirable for convenience of administration. This is what the Commission did in order No. 310, supra.

■ We hold only that the proof adduced below was insufficient to enable the Commission to determine whether the proposed rate was just and reasonable and further that the Commission may consider any evidence in arriving at its conclusion that will aid it to determine whether a proposed rate is just and reasonable to the public and is not too low to yield a fair return on the producer's investment and a reasonable increment for exploration and development.

■ We do not think that either the Commission or the petitioner should be baffled or handicapped in this new field of regulation by any formulas by whatever name they are known. Specifically, if there is an accounting or rate-making formula known to the public utilities, industry as a "conventional rate-base method of rate-making" which the Commission in its order of dismissal in this case said must be used at least as a basis of comparison or point of departure, we say the Commission need not require it unless such method is the only way by which the Commission can make its required determination. This is what we undertook to say in the Bel Oil opinion, and it is clear that the Commission recognizes that it is free to act thus by such of its opinions as 310, supra.

We think that, especially in light of petitioner's motion for opportunity to offer additional evidence following the Commission's issuing of the Bel Oil and companion orders, Opinion 300, justice requires that the case be remanded for the taking of additional testimony.

■ The petition is granted to the extent that the Commission is directed to reopen these proceedings to afford petitioner reasonable opportunity to adduce such evidence as it may be advised is relevant to the inquiry whether the proposed rate is just and reasonable. In all other respects the petition is denied.